FILED
SUPERIOR COURT
OF GUAM

2021 NOV 17 AM 11: 35

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0343-20** |
| | GPD Report No. 20-16054 |
| v. | |
| | **DECISION AND ORDER** |
| **ANTHONY GREGORY MENDIOLA** | **DENYING** |
| (*aka* **Ton Mendiola**), | **DEFENDANT'S MOTION TO DISMISS** |
| DOB: 12/30/1970 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for hearing on Defendant Anthony Gregory Mendiola's (*aka* Ton Mendiola's) ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Sean Brown represents the People, and Alternate Public Defender Heather Zona represents Defendant. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with Charge One: Possession of a Firearm Without a Valid Firearm Identification Card (as a 3rd Degree Felony) and Charge Two: Possession of an Unregistered Firearm (as a 3rd Degree Felony). Indictment (Dec. 21, 2020). Police found an unregistered 9mm Feather AT-9 Rifle inside Defendant's house after Defendant used it to defend himself against an intruder. Magistrate's Complaint (Jun. 25, 2020).

On October 4, 2021, Defendant filed his Motion to Dismiss. Defendant requested dismissal with prejudice on the grounds that his Second, Fifth, and Fourteenth Amendment rights have been violated. Motion at 1 (Oct. 4, 2021). Defendant challenged both Guam's firearm identification

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page **1** of **9**

card statute and its firearm registration statute, arguing they should be judged under strict scrutiny. Id. at 8.

The People filed their Opposition to Defendant's Motion on October 18, 2021 and their Amended Opposition to Defendant's Motion ("Amended Opposition") on October 19, 2021. Arguing for the statutes' constitutionality, the People highlighted Guam's ability to limit Second Amendment rights and justified these limitations under a rational basis level of scrutiny. Amended Opposition at 3-4.

On October 22, 2021, Defendant filed his Reply Brief in Support of Motion ("Defendant's Reply"). Defendant argued the People applied an incorrect level of scrutiny in their analysis. Defendant's Reply at 2-3. (Oct. 22, 2021).

After determining that oral arguments were unnecessary, the Court took the matter under advisement on November 9, 2021, pursuant to Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam.

## DISCUSSION

**I.    Defendant challenges the following statutory provisions as unconstitutional:**

**a.  Identification Card Requirement**

The Guam Code requires firearms identification cards as follows:

> No person shall own, possess, use, carry or acquire any firearm which is lawful under § 60103 unless he shall have first obtained from the Department an identification card evidencing his right to such ownership, possession, use or carrying, concealed or otherwise, as stated upon the face of the card; except that any person may use and possess a firearm at any shooting gallery licensed pursuant to § 60105, et seq., without first obtaining a permit as otherwise required by this Section. Said card shall be in the possession of the holder and on his person whenever he is using or has in his possession a firearm.

10 G.C.A. § 60106. This statute restricts an individual's ability to obtain an identification card in the following relevant ways:

> (a)  No identification card shall issue unless the Department is satisfied that the applicant may lawfully possess, use, carry, concealed or otherwise, own or acquire the type of firearm stated in the application and upon the face of the identification card.
>
> (b) No person shall be issued an identification card:

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page **2** of **9**

(1) Who has been convicted by any court of the United States, a state, territory, possession, trust territory or political subdivision thereof of any felony; or

(2) Who is an alien, except temporary permits may be issued to aliens for use only at target ranges operated by persons possessing permits therefore and who are citizens, or only for use at authorized sporting events, and except for official representatives of foreign governments in their official capacities, and except for aliens "lawfully admitted for permanent residence," which shall mean the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed, as defined by the Immigration and Nationality Act § 101(a)(20), 8 U.S.C. § 1101(a)(20). Proof of permanent residence shall be evidenced by presentation of an Alien Registration Card (also known as alien registration certificate, Form I–551 or Green Card); or

(3) Who is presently charged by information or indictment with any crime stated in (b)(1) above; or

(4) Who has been adjudicated incompetent, has been committed to any mental institution; or

(5) Who is under the age of eighteen (18) years; or

(6) Who has been convicted of any violation of the Uniform Controlled Dangerous Substances Act or any misdemeanor where personal injury or use of firearms was an element or factor of the offense unless the Chief of Police has determined that the offense was committed more than ten (10) years previously and that the applicant would not endanger the public safety by receiving an identification card; or

(7) Who, in the determination of the Chief of Police appears to suffer from a physical or mental disease or defect which would adversely affect the safe use of the firearm applied for, unless the person obtains a certificate from a licensed physician stating that the physical or mental disease or defect would not adversely affect his safe operation of the firearm or the public safety.

(c) An applicant for an identification card shall apply therefore on a form supplied by the Department and shall provide such information as may be necessary to afford the Department reasonable opportunity to ascertain the facts required to appear upon the card and facts relevant to the applicant's eligibility for a card, and facts necessary to determine whether the applicant may carry a concealed weapon if such permission is sought. The applicant is required to submit to a national criminal background check conducted by the Federal Bureau of Investigation to process such background checks.

A fingerprint card, or electronic fingerprint data, if so utilized, shall be transmitted to Guam's State Identification Bureau as classified by the Federal Bureau of Investigation for processing of fingerprints.

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page 3 of 9

(d) If the application is not denied, the identification card shall issue within thirty (30) days, except where application has been made to carry a concealed weapon, in which case the card shall issue within sixty (60) days.

10 G.C.A. § 60108.

Anyone who purchases, possesses, uses, or carries a firearm without an applicable firearm identification card shall be guilty of a felony and is punishable for a term of imprisonment of no less than three (3) years and a fine of no less than one thousand dollars ($1,000.00). 10 G.C.A. § 60121(e).

### b. Firearm Registration Requirement

The Guam Code requires registration of firearms as follows:

> Any person purchasing, receiving by gift, device or otherwise, acquiring or otherwise coming into permanent possession of a firearm, the possession of which is permitted by this chapter, shall register the same with the Department within three (3) working days after acquiring said firearm on the forms specified by the Department. Such facts and information shall be given so as to enable the Department to record for identification purposes the firearm so registered. It shall be unlawful for any person to own or possess any firearm which has not been registered. No firearm may be registered by the Department unless the person presenting the firearm also displays current identification card evidencing his eligibility to own, possess, use or carry the firearm presented for inspection as to the facts required for registration. Any firearm registration which expires on or after March 1, 1988 or which is thereafter issued under this chapter shall be permanent for as long as the registrant retains the firearm. The Chief of Police shall promulgate rules and regulations establishing a permanent firearms identification card and a reasonable fee to cover the cost incurred.

10 G.C.A. § 60110.

Punishment for violation of the statute is imprisonment of imprisonment of no less than one (1) year and a fine of no less than one thousand dollars ($1,000.00). 10 G.C.A. § 60121(a).

### II. Both Guam's firearm identification card statute and its firearm registration statute are Constitutional.

#### a. The challenged statutes burden conduct protected by the Second Amendment.

The Second Amendment of the U.S. Constitution provides that "the right of the people to keep and bear arms shall not be infringed." U.S. Const., amend. II. The Second Amendment,

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page 4 of 9

through the Due Process Clause of the Fourteenth Amendment, applies against the states. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010). Guam has also adopted the Due Process Clause of the Fourteenth Amendment, extending these same protections to all persons on Guam. 48 U.S.C. §1421b(u).

When the constitutionality of a firearm regulation is challenged, courts follow a two-prong test. This inquiry "(1) asks whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny." *U.S. v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013) (internal citations omitted).

The challenged statutes certainly burden conduct protected by the Second Amendment because they impose additional hurdles to ownership of *all* firearms. *See* 10 G.C.A. § 60106 ("No person shall own, possess, use, or acquire *any* firearm which is lawful under § 60103 unless he shall have first obtained... an identification card") (*emphasis added*); 10 G.C.A. § 60110 ("It shall be unlawful for any person to own or possess *any* firearm which has not been registered) (*emphasis added*). These additional hurdles include having to obtain an ID card, waiting for that card to arrive, and paying fees to legally acquire and possess a firearm. Second Amendment protections apply to weapons typically used by law-abiding citizens for lawful purposes. *Chovan*, 735 F.3d at 1133. Thus, Guam's all-encompassing restrictions certainly burden conduct protected by the Second Amendment.

**b. The statutes are analyzed under an intermediate scrutiny standard.**

Having found the first prong of the *Chovan* test met, the Court must now apply an appropriate level of scrutiny. The level of scrutiny should depend on (1) how "close" the challenged law comes to the core Second Amendment right of law-abiding citizens to use arms in defense of hearth and home and (2) the severity of the law's burden on the right. Id. at 1138 (internal citations omitted). "If a challenged law does not implicate a core Second Amendment right, or does not place a substantial burden on the Second Amendment right" the court may apply intermediate scrutiny.

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page 5 of 9

*Jackson v. City and County of San Francisco*, 746 F.3d 953, 961 (9th Cir. 2014). Strict scrutiny applies if both questions are answered in the affirmative. *Silvester v. Harris*, 843 F.3d 816, 821 (9th Cir. 2016).

The Court answers the first question in the affirmative. That is, the challenged laws closely burden the core Second Amendment right of law-abiding citizens to defend their hearth and homes. These laws apply to all persons, with or without criminal convictions. See *Chovan*, 735 F.3d at 1138 (finding a law not to implicate the core Second Amendment right "because it regulates firearm possession for individuals with criminal convictions" only).

However, the burden these statutes place on Second Amendment rights is quite minimal. There is a substantial distinction between preventing the exercise of protected conduct, and regulating the form in which that conduct appears. See *District of Columbia v. Heller*, 554 U.S. 570 (2008) (finding a law which prohibited, rather than merely regulated, possession of handguns unconstitutional); *State v. Reid*, 1 Ala. 612, 616-617 (1840) ("A statute which, under the pretence of regulating, amounts to a destruction of the right... would be clearly unconstitutional. But a law which is intended merely to promote personal security... does not come in collision with the constitution."). The statutes here "merely regulate the *manner* in which persons may exercise their Second Amendment rights", and "do not 'prevent [] an individual from possessing a firearm in his home or elsewhere.'" *Chovan*, 735 F.3d at 1138 (internal citations omitted). People are still free to own and possess firearms for defense of hearth and home under Guam's statutes. They are just subject to additional regulations when doing so. These relatively minimal burdens justify applying an intermediate level of scrutiny to the statutes in question.

**c. The statutes pass analysis under an intermediate scrutiny standard.**

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page **6** of 9

Under an intermediate level of scrutiny, there must be (1) an "important government interest" and (2) a substantial relationship between the challenged regulation and the asserted objective. Id. at 1139.

The People argue the government interest here is "ensuring that only those who are mature, law abiding, competent citizens possess firearms." Amended Opposition at 4 (Oct. 19, 2021). This is undoubtedly an important government interest, mirroring the already recognized important government interests in Chovan of "keeping firearms away from those most likely to misuse them" and "preventing gun violence." Chovan, 735 F.3d at 1139.

Requiring firearms identification cards and registration of firearms is also substantially related to the broader interest of ensuring only mature, law-abiding, competent citizens possess firearms. 10 G.C.A. § 60106 and 10 G.C.A. § 60108 collectively limit certain individuals from obtaining firearm identification cards, and thus the ability to legally own, possess, or carry firearms. These limitations include, among others, convicted felons, aliens, those adjudicated mentally incompetent, and minors. 10 G.C.A. § 60108(b). Restricting gun ownership to individuals proven not to be of age, law-abiding, or competent, substantially relates to the government's interest in keeping guns only in the hands of those who are. 10 G.C.A. § 60110 also substantially relates to the government's interest, because gun registration requires a firearm identification card (and thus proof that the owner does not fall into one of the categorically excluded groups).

The challenged statutes thus pass an intermediate level of scrutiny, as they substantially relate to the important government interest of ensuring only mature, law-abiding, competent citizens possess firearms.

## III. The statutes pass the vagueness doctrine of the Due Process Clause.

Lastly Defendant challenges the statutes under the Due Process Clause of the 14th Amendment for being "vague". Motion at 8 (Oct. 4, 2021). Defendant claims the statutes give the Chief of Police unconstitutional discretion in articulating rules and deciding who may possess firearms. Id. at 8; Defendant's Reply at 3 (Oct. 22, 2021).

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page **7** of 9

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). If a "law impermissibly delegates basic policy matters to policemen… for resolution on an ad hoc and subjective basis" there is a danger of "arbitrary and discriminatory application." Id. at 108-109.

The specifically challenged provisions are 10 G.C.A. § 60108(b)(6) and (7), which prohibit the following groups from obtaining firearm identification cards:

> Who has been convicted of any violation of the Uniform Controlled Dangerous Substances Act or any misdemeanor where personal injury or use of firearms was an element or factor of the offense *unless the Chief of Police has determined that the offense was committed more than ten (10) years previously and that the applicant would not endanger the public safety by receiving an identification card*;

10 G.C.A. § 60108(b)(6) (*emphasis added*).

> *Who, in the determination of the Chief of Police appears to suffer from a physical or mental disease or defect which would adversely affect the safe use of the firearm applied for*, unless the person obtains a certificate from a licensed physician stating that the physical or mental disease or defect would not adversely affect his safe operation of the firearm or the public safety.

10 G.C.A. §60108(b)(7) (*emphasis added*).

The Court does not find either of these statutes to be unconstitutionally vague. "We can never expect mathematical certainty from our language", so the Court must "extrapolate" the statutes' "allowable meaning". *Grayned*, 408 U.S. at 110 (1972). It is clear what these two statutes do and do not prohibit. 10 G.C.A. § 60108(b)(7) does not permit the Chief of Police to ban any individual he/she chooses from owning a firearm identification card. Rather, there must be a demonstrated physical or mental defect interfering with that individual's ability to safely own/operate a firearm. Given how 10 G.C.A. § 60108(b)(7) is specifically tailored to individuals with demonstrated physical or mental defects, it gives "fair notice to those to whom the statute is directed" and is not unconstitutionally vague. *American Communications Assn. v. Douds*, 339 U.S. 382, 412 (1950).

The same can be said about 10 G.C.A. § 60108(b)(6). This statute gives "fair notice" to those it covers, and is specifically directed towards convicts of the Uniform Controlled Dangerous Substances Act or misdemeanors involving personal injury or use of firearms. Id. at 412.

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page **8** of 9

Furthermore, the Chief of Police is not allowed to simply issue firearm identification cards out to anyone who is otherwise prohibited from owning one. The Chief of Police must first have a demonstrated reason why that individual would not endanger the public safety before he/she may issue the card out. Neither statute is unconstitutionally vague, as they both contain explicit standards for the Chief of Police to follow, and each gives fair notice to the specific individuals they cover.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Both the challenged firearm identification card statute and the challenged firearm registration statute are constitutional, having passed an intermediate level of scrutiny. Furthermore, neither statute is unconstitutionally vague.

**IT IS SO ORDERED** this _____NOV 16 2021_____.


**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss
CF0343-20, *People of Guam v. Anthony Mendiola*
Page 9 of 9